IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSE CISNEROS, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:14-CV-4140-D |
| VS. § | |
| § | |
| US BANK, N.A., AS SUCCESSOR § | |
| TRUSTEE TO BANK OF AMERICA, § | |
| NA AS SUCCESSOR BY MERGER TO § | |
| LASALLE BANK NA AS TRUSTEE § | |
| FOR THE HOLDERS OF THE MLMI § | |
| TRUST, MORTGAGE LOAN-ASSET § | |
| BACKED CERTIFICATES, SERIES § | |
| 2006-RM2, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

A plaintiff whose residential property was foreclosed on brings this action seeking declaratory and related relief. Defendant moves under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim on which relief can be granted. Concluding that plaintiff is relying on two theories that are by now plainly discredited, the court grants defendant's motion and dismisses this action with prejudice.

I

This is a removed action brought by plaintiff Jose Cisneros ("Cisneros") against defendant U.S. Bank, National Association, as Successor Trustee to Bank of America, N.A., as Successor by Merger to LaSalle Bank, N.A., as Trustee for the Holders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-RM2 ("U.S. Bank"), seeking

a declaratory judgment and damages based on claims for declaratory judgment and quiet title and trespass to try title arising from U.S. Bank's foreclosure on his residential property. According to Cisneros' state-court petition, he purchased his Dallas residence in 2006, executing a promissory note ("Note") in favor of Resmae Mortgage Corporation ("RMC") and a Deed of Trust in favor of RMC that secured payment of the Note.

Cisneros asserts that, under the Deed of Trust, only the "Lender"—defined as "any holder of the Note who is entitled to receive payments under the Note"—could invoke the power of sale, and that U.S. Bank does not qualify as a "Lender." Pet. ¶ 6. He avers that, in 2013, U.S. Bank recorded an appointment of substitute trustee, but there is no assignment of the Note and/or Deed of Trust from RMC to U.S. Bank. In 2014 U.S. Bank invoked the power of sale and foreclosed on Cisneros' property.

Cisneros also alleges that the purported true party in interest in his Note and the Deed of Trust is The MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-RM2 (the "Trust"), an asset-backed trust created and governed by a "Pooling and Servicing Agreement" or "PSA." He asserts on various grounds that the terms of the PSA were not complied with in his case, thereby depriving U.S. Bank of the authority to foreclose on his property. In response to U.S. Bank's motion to dismiss, however, he either abandons these grounds or disclaims any attempt to rely on alleged non-compliance with the PSA itself as a basis for obtaining relief. The court therefore omits a detailed discussion of these PSA-based allegations.

U.S. Bank moves to dismiss under Rule 12(b)(6) for failure to state a claim on which

relief can be granted. Among its contentions are challenges to Cisneros' standing. Because the court need not rely on standing, it will not recount these grounds of the motion. Among U.S. Bank's contentions is that it was entitled to foreclose under power obtained through a recorded assignment ("Assignment") from Mortgage Electronic Registration Systems, Inc. ("MERS")—the nominee of RMC, the originating lender, and a beneficiary of the Deed of Trust—to U.S. Bank that was executed on April 17, 2012 and recorded in the Dallas County property records on April 23, 2012. U.S. Bank maintains that, under the Texas Property Code and by virtue of the Assignment, it was authorized to foreclose on Cisneros' property as statutory mortgagee.

Apart from Cisneros' standing arguments, which the court need not address, he argues in response to U.S. Bank's motion (1) that he is challenging U.S. Bank's right to invoke the power of sale contained in the Deed of Trust because only a "Lender" can invoke the power of sale, and U.S. Bank does not qualify as a "Lender"; (2) that he is not challenging the PSA or trying to enforce it; and (3) that U.S. Bank's production of the Assignment of the Deed of Trust shows that MERS assigned to U.S. Bank not only the Deed of Trust but Cisneros' Note, and that the Assignment is void because it does not include any type of negotiation of the Note, which is a negotiable instrument under Texas law.

II

In deciding defendant's Rule 12(b)(6) motion, the court evaluates the sufficiency of plaintiff's petition "by accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855

F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and alteration omitted). To survive defendant's motion to dismiss under Rule 12(b)(6), plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. ( quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678. Furthermore, under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Twombly*, 550 U.S. at 555).

III

Cisneros' response to U.S. Bank's motion to dismiss appears to narrow his opposition to two substantive arguments, one of which is based on allegations in his petition and the other of which arises from U.S. Bank's production of the Assignment of the Deed of Trust from MERS, the nominee of RMC and a beneficiary of the Deed of Trust, to U.S. Bank.[1]

A

Cisneros maintains that U.S. Bank could not foreclose on his residential property because it was not a "Lender" as defined by the Deed of Trust.  But this does not preclude U.S. Bank from foreclosing under Texas law as a statutory mortgagee.  The Deed of Trust provides that "[t]he beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS."  D. App. 4.[2]  MERS qualifies as a "mortgagee" under the Texas Property Code.  *See* Tex. Prop. Code Ann. § 51.0001(4)(B) (West 2014) (defining "mortgagee" as "a book entry system"); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (citing § 51.0001(4) and stating that a mortgagee includes "a book entry system," and that

---

[1] Cisneros abandons his PSA-based arguments.  *See* P. Resp. 5 ("Plaintiff is not 'challenging' the Pooling and Servicing Agreement ('PSA') or trying to enforce it, and Defendant's allegations that Plaintiff is contesting or enforcing the PSA are misleading.").

[2] The court can rely on the Deed of Trust at the Rule 12(b)(6) stage because it is a document that is attached to U.S. Bank's motion to dismiss and is central to Cisneros' claim and referenced in his petition.  *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review [of a Rule 12(b)(6) motion] is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

"[b]ecause MERS is a book-entry system, it qualifies as a mortgagee."). MERS and its assigns can bring foreclosure actions under the Texas Property Code. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (stating that, under *Martins*, MERS and its assigns can bring foreclosure actions under the Texas Property Code). In fact, *Farkas* is similar to the instant case. The deeds of trust named MERS as the beneficiary of the lender, MERS assigned the deeds of trust to Deutsche Bank, and Deutsche Bank became the mortgagee who was entitled to foreclose. *Id.*

Accordingly, without considering any other ground on which U.S. Bank relies to defeat Cisneros' argument, the court concludes as a matter of law that MERS was authorized to foreclose under the Deed of Trust and to assign that right to U.S. Bank, which it unquestionably did.

B

Cisneros also argues that the Assignment from MERS to U.S. Bank is void because it does not include any type of negotiation of the Note, which is a negotiable instrument under Texas law. This argument lacks force.[3] There is a distinction between enforcing the Deed of Trust and the Note. Even if MERS did not effectively assign the Note to U.S. Bank, it was not necessary for U.S. Bank to hold the Note to exercise the power of sale under the Deed of Trust. *See, e.g., Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.

---

[3]The court assumes, without deciding, that Cisneros has standing to assert this challenge. *Cf.* D. Reply 2 (contending that "[b]ecause Plaintiff has not and cannot show that the Assignment was void, he has no standing to challenge its effectiveness.").

2014, pet. filed) ("Consequently, a deed of trust may be enforced by the mortgagee, regardless of whether the mortgagee also holds the note.") (citing cases).  And Cisneros has not plausibly pleaded any other basis to conclude that the alleged failure to negotiate the Note rendered the Assignment of the Deed of Trust void.

IV

Typically, this court permits a plaintiff to replead when it grants a Rule 12(b)(6) motion, particularly in a removed case where a petition drafted under state pleading rules is determined to be deficient.  But the court declines to do so here.

First, in Cisneros' response to U.S. Bank's motion to dismiss, he neither requests leave to amend nor responds to U.S. Bank's clear assertion that the court should dismiss this case with prejudice, without granting leave to amend because amendment would be futile.  *See* D. Br. 10.  Second, it is not apparent from Cisneros' petition or his response brief that there are any valid grounds on which to challenge U.S. Bank's foreclosure on his residential property.  Cisneros relies on discredited theories to avoid the inevitable consequences of his failure to pay his Note.

* * *

Accordingly, for the reasons explained, U.S. Bank's motion to dismiss is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED**.

February 18, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE